Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 4901 | **DATE** | 6/25/2012 |
| **CASE TITLE** | Larry Fulton (C-64310), et al. v. Montes, et al. | | |

**DOCKET ENTRY TEXT**

This complaint identifies four Plaintiffs. Plaintiff Larry Fulton's motion for leave to proceed *in forma pauperis* [3] is denied without prejudice because it is incomplete. The remaining Plaintiffs, William Bassett, Paul Bryant, and Joseph Franklin, neither submitted an *i.f.p.* application nor paid the filing fee. Each Plaintiff must either pay the $350 filing fee or apply to proceed *i.f.p*, if they may do so. Plaintiffs are given until July 30, 2012 to either file an *i.f.p.* application on the proper form with the information required by Section 1915(a)(2) or to pay the full filing fee. The complaint is dismissed without prejudice. Plaintiffs are given leave to file an amended complaint on or before July 30, 2012. Failure of any Plaintiff to comply with this order will result in summary dismissal of this case as to that litigant, on the understanding that that particular individual does not wish to join this lawsuit. The Clerk is directed to send Plaintiffs (prisoners at Stateville Correctional Center) - Larry Fulton (C-64310), William Bassett (C-01395), Paul Bryant (L-11109) and Joseph Franklin (C-80688), an *i.f.p.* application, an amended complaint form with instructions, and a copy of this order.

■[For further details see text below.]   Docketing to mail notices.

## STATEMENT

    A complaint, identifying four Plaintiffs, has been received by the Court. One of the Plaintiffs filed a motion for leave to proceed *in forma pauperis* (*i.f.p*); however, the motion is incomplete. The remaining Plaintiffs neither submitted a motion for leave to proceed *i.f.p.* nor paid the required filing fee. All persons filing complaints in this Court, even if more than one person files a case, must file an *i.f.p.* application or pay the full filing fee. *See Boriboune v. Berge*, 391 F.3d 852, 854-55 (7th Cir. 2004) (each co-plaintiff is obligated to pay a full, separate statutory filing fee). The Prison Litigation Reform Act requires all inmates to pay the full filing fee, even those whose cases are summarily dismissed. In all prisoner civil lawsuits, the court must assess an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1). The Court will direct correctional officials to deduct the initial filing fee payment directly from each Plaintiff's trust fund account. Thereafter, correctional authorities having custody of each Plaintiff will be authorized and ordered to make monthly payments to the court of 20% of the preceding month's income credited to the trust fund account until such time as the full filing fee is paid for each litigant.

    To enable the Court to make the necessary assessment of the filing fee, each Plaintiff must submit the required *i.f.p.* application or pay the full $350 filing fee. *See* 28 U.S.C. § 1915(a)(2). Failure to so by July 30, 2012 will result in their dismissal from this case.

    Furthermore, the complaint on file is only signed by Plaintiff Fulton. Each *pro se* Plaintiff is required to sign the amended complaint (as well as future pleadings). Fed. R. Civ. 11(a). Accordingly, the complaint on filed is dismissed without prejudice.

    Pursuant to *Boriboune, supra*, 391 F.3d at 856, Plaintiffs are alerted to the risks under Fed. R. Civ. P. Rule 11 (sanctions for frivolous pleadings) and 28 U.S.C. § 1915(g) (the "strike-out" statute). Each litigant is accountable for his co-plaintiffs' claims; therefore, if one plaintiff is assessed a strike, any co-plaintiff will be assessed a strike as well. *Id.* Complaints about prison-wide practices do not require more than one plaintiff; furthermore, complaints with a common core plus additional claims by different prisoners increase each plaintiff's risks under Rule 11 and § 1915(g) without a corresponding reduction in the filing fee. *Id.* Therefore, each Co-Plaintiff may, if he wishes, advise the court

| STATEMENT |
|---|
| that he wishes to "opt out" of this lawsuit. *Id.*<br>     For the foregoing reasons, the Court dismisses the complaint on file without prejudice. Plaintiffs are granted thirty days in which to submit an amended complaint (plus a judge's copy and service copies). Plaintiffs must write both the case number and the judge's name on the amended complaint, all Plaintiffs must sign it, and return it to the Prisoner Correspondent. As with every document filed with the court, Plaintiffs must provide an extra copy for the judge; he must also submit a sufficient number of copies for service on each Defendant named in the amended complaint.<br>     Plaintiffs are cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiffs want the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. If Plaintiffs do not timely comply with this order, this case shall be dismissed. |